STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
GEORGE V. SIPP, JR., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 22, 1977—Decided April 4, 1977.

Before Judges LYNCH, MILMED and ANTELL.

*Messrs. Valore, McAllister, DeBrier, Aron & Westmore-
land,* attorneys for appellant (*Mr. Thomas J. Vester,* on the
brief).

*Mr. William F. Hyland,* Attorney General, attorney for respondent (*Mr. Steven M. Ingis,* Deputy Attorney General, on the brief).

PER CURIAM. Defendant, a trainer of race horses, was indicted for bribery and conspiracy to commit bribery in violation of *N. J. S. A.* 2A:93–10, *N. J. S. A.* 2A:98–1 and *N. J. S. A.* 2A:98–2. The charges related to defendant's alleged participation in a conspiracy to pay a jockey a $1,000 bribe to lose a horse race at the Atlantic City racetrack. The conspiracy charge was severed and the bribery charge was tried before a judge and jury. Defendant was found guilty and was sentenced to a term of two to three years in State Prison and fined $1,000.

Defendant later pleaded guilty to the conspiracy charge and was given a two to three-year sentence thereon, to run concurrently with the sentence on the bribery count.

On appeal defendant contends that the imposition of the two to three-year custodial sentence was manifestly excessive. He points out that he had no past criminal record whatever, that since he was suspended as a trainer on July 25, 1975 he has been unemployed and as a result of his conviction he will be unable to return to any racetrack as a professional trainer.

All of what defendant says in expiation of his custodial sentence is true. However, his act's far-reaching consequences, its corruption of the jockey, its affront to the integrity of the publicly sponsored sport of horse racing, its potential to defraud literally thousands of patrons of countless dollars cannot be overlooked. The crime cries out for the deterrent purpose of sentencing lest others consider that it can go unpunished except to the extent of a noncustodial sentence and fine. We conclude that the sentencing judge did not abuse his discretion in imposition of the sentence here challenged. It is affirmed.